SAMUEL, Judge.
The petition in this matter was filed on August 5, 1970. It alleges: For more than thirty-two years petitioner has had continuous and public possession as owner of two plots of ground (briefly described in the petition) in the Parish of Plaque-mines as per survey sketches made by H. G. Black, C.E., copies of which sketches are attached; petitioner has paid, and is paying, the real estate taxes due on the properties; and he desires to be confirmed as owner thereof by virtue of the thirty year prescription under LSA-C.C. Art. 3475. The petition prays that notice of the suit be published in the Plaquemines Gazette, the official journal of the Parish of Plaquemines, and that, after due publication, “title be confirmed in the said petitioner as owner of the said property”.
The trial judge signed the requested order directing publication three times within thirty days notifying “any person having *133 an adverse interest to appear and file same”. Petitioner took a preliminary default on October 26, 1970. Shortly thereafter, having received the Court’s permission to do so, Mr. Sidney C. Schoenberger, a local attorney at law and title examiner, filed amicus curiae memoranda.
On November 12, 1970 petitioner attempted to confirm his preliminary default.[1] He testified he had openly occupied the properties in suit as owner for more than thirty years and had paid taxes on the lands but had lost all except the last three yearly receipts in recent hurricanes. Two witnesses, in substance, corroborated petitioner’s testimony relative to occupancy and payment of taxes. In addition, petitioner offered in evidence the two survey sketches by H. G. Black and a tax research certificate issued by the Plaquemines Parish Sheriff and Tax Collector. The record also contains an affidavit by the business manager of the Plaquemines Gazette stating the notice, a copy of which is attached to the affidavit, was published in that newspaper on August 21, August 28 and September 4, 1970.
After taking the matter under advisement the trial court refused to confirm the preliminary default and rendered judgment dismissing the suit at petitioner’s cost. Petitioner has appealed.
We note, as did the trial judge, that the published notice does not contain a description, or any other identification, of any property and the tax research certificate simply states 1967, 1968 and 1969 taxes assessed to the petitioner have been paid on “Bldg, on leased property at Venice, Imp. $1800.00”.
Petitioner concedes this is not a real action under the pertinent articles of our Code of Civil Procedure nor a monition under the Revised Statutes. In this court he argues only that his claim is based on LSA-C.C. Art. 3475, which provides “Im-movables are prescribed for by thirty years without any title on the part of the possessor, or whether he be in good faith or not.”, and that the evidence offered is sufficient to prove his claim.
The answer to the argument is that this is not a justiciable controversy. It is unilateral action seeking an ex parte judgment declaring petitioner has a valid title to the land in suit. Our law does not recognize such a proceeding. Since there is no citation or service thereof, no joining of issue, and indeed, no defendant and no contest, the action, if successful, would have no effect upon anyone.
The judgment appealed from is affirmed.
Affirmed.

. Mr. Schoenberger made no appearance during the attempted confirmation.